NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0510n.06

No. 24-5184

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 10, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GREGORY SCOTT SIZEMORE, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BUSH and MURPHY, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Gregory Sizemore pleaded guilty to two charges related to drug dealing. The parties agree that the applicable sentencing range under the U.S. Sentencing Guidelines was 360 months to life imprisonment. The district court sentenced Sizemore to 389 months' imprisonment, incorporating an initial sentence of 420 months less 31 months time served.

Sizemore makes one contention on appeal, that the district court did not properly consider the guidelines range. He believes the district court impermissibly modified the guidelines range by setting the bottom end of the range at 420 months instead of 360 months' imprisonment. Sizemore grounds his claim in the district court's statement that "under the facts that are presented here, when I look at comparable sentences, my starting point is 420 months." Transcript of Sentencing Hearing, R. 61, PageID 255.

Sizemore did not object to this alleged procedural error at sentencing. A defendant "generally forfeits the right to challenge on appeal any procedural errors to which he did not object

at the time of sentencing." *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). To preserve his argument, Sizemore's counsel, Mr. Abell, needed at sentencing to give a "clear articulation of any objection and the grounds therefor." *United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004). Sizemore argues Abell did so in the following exchange:

> MR. ABELL: I would hope the Court would conclude that a sentence of 329 months reconciles the factors under 3553(a)(2). It's certainly a lengthy sentence.
>
> THE COURT: Does that diminish the death that's occurred in this case as a result of this defendant's actions?
>
> MR. ABELL: It does not, Your Honor. That factor is accounted for in the guidelines calculation. I think that's a determination that's committed to the Court's judgment and discretion. I know it's very disturbing to the Court and, frankly, to all of us, but I think that's been accounted for.

R. 61, PageID 246.

Mr. Abell did not do enough here to preserve the issue. This conversation happened before the district court said anything about 420 months. While it is possible that a defendant could preserve an argument before the district court addresses the underlying point, nothing above specifically focused on this alleged error. Mr. Abell's words are best read as an argument for why the bottom of the guidelines range would be the appropriate sentence. It is implausible to read them as an objection to the district court's understanding of the guidelines range in the first instance. Therefore, we review for plain error. *See Herrera-Zuniga*, 571 F.3d at 579.

It would be procedurally unreasonable for the district court to sentence Sizemore using an improperly calculated guidelines range. *See United States v. Osborn*, 12 F.4th 634, 638 (6th Cir. 2021). Sizemore believes the judge changed the agreed 360 months baseline to 420 months, creating an improperly calculated range.

But the district court did not change the baseline number—it thoughtfully considered and rejected it as the basis for a final sentence. The district court said, "I begin with the properly

calculated guideline range in the case of 360 to life." R. 61, PageID 252. It then considered a handful of sentencing factors to arrive at a sentence of 420 months. The court found that Sizemore's addiction history was an aggravating factor and that he had a high risk of recidivism. The court also considered providing a just punishment after Sizemore caused a death and continued to deal drugs. Finally, the court discussed the need for general and specific deterrence. Only after weighing these factors did the district say, "my starting point is 420 months." R. 61, PageID 255.

When read in context, it is clear that "starting point" referred to the district court's final sentence before incorporating time served, not the beginning of the whole analysis. Soon after saying "my starting point is 420 months," the court elaborated by saying, "the judgment will reflect my starting point of 420 months for a period of incarceration reduced by 31 under 5G1.3, and that would get us down to 389 months period of incarceration," reflecting Sizemore's time served in custody. *Id.* at PageID 256. In a prior colloquy, the prosecutor said, "the starting point, at least for the United States, is 480 months. And if there's an adjustment for time spent in state custody, I think that would put him at 442 months . . . and that would be the sentence that the United States would advocate for." *Id.* at PageID 251–52. Given that the district court also discussed "starting point" closely to credit for time served, the district court likely meant it in the same sense that the prosecutor did.

Sizemore does not meet his burden under plain error review of showing that the district court applied a guidelines range with an improper baseline of 420 months. The record suggests the district court properly accounted for the agreed upon sentencing range of 360 months to life imprisonment and found that 420 months was sufficient, but not greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553.

We **AFFIRM** Sizemore's sentence.